UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEE MAYS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-CV-0599-CVE-FHM |
| ) | |
| WALTER N. DINWIDDIE, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing *pro se*, challenges his conviction entered in Tulsa County District Court, Case No. CF-2001-811. Respondent has filed a motion to dismiss the petition (Dkt. # 8), arguing that the Court lacks jurisdiction to consider Petitioner's habeas claim because Petitioner is not "in custody" pursuant to the challenged conviction.

By Order filed May 28, 2008 (Dkt. # 10), the Court directed Respondent to supplement the record with supporting documentation and to file a supplemental response discussing the applicability of Garlotte v. Fordice, 515 U.S. 39 (1995) and Foster v. Booher, 296 F.3d 947 (10th Cir. 2002), to this case. On June 3, 2008, Respondent filed the supplemental brief and record (Dkt. # 11) as directed by the Court. Petitioner has filed a reply (Dkt. # 12) to the supplemental response. For the reasons discussed below, the Court finds Petitioner does not satisfy the "in custody" requirement as to his conviction entered in Tulsa County District Court, Case No. CF-2001-811. For that reason, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

## *BACKGROUND*

The record before the Court, as supplemented, reveals that on May 30, 2001, in Tulsa County District Court, Case No. CF-2001-811, Petitioner was sentenced to ten (10) years in the custody of the Department of Corrections ("DOC"), entered on his plea of guilty to second degree burglary, after former conviction of a felony ("AFCF"). See Dkt. # 11, Ex. 1. The first five (5) years were to be served in custody, and the last five (5) years suspended, but under the supervision of the probation division of the DOC. Id.  By Order filed March 10, 2005, the suspended portion of his sentence was revoked and Petitioner was committed to the custody of the DOC to serve his five (5) year sentence.  See Dkt. # 11, Ex. 3.  According to an affidavit from the records keeper at Dick Conner Corrections Center where Petitioner is currently housed, Petitioner discharged his revoked sentence entered in Case No. CF-2001-811 on January 25, 2007. See Dkt. # 9, Ex. 1.

Respondent has also provided copies of four Judgments and Sentences, filed in Tulsa County District Court, Case No. CF-2004-4929, on April 29, 2005.  See Dkt. # 11, Ex. 4.  In that case, Petitioner was found guilty by a jury of Shooting with Intent to Kill, AFCF (Count 1), Possession of a Firearm, AFCF (Count 2), Assault and Battery (Count 3), and Shooting with Intent to Kill, AFCF (Count 4).  He was sentenced to forty (40) years on Count 1, thirty (30) years on Count 2, ninety (90) days on Count 3, and forty (40) years on Count 4. Each count was to be served concurrently with CF-2001-811, but consecutive to each other.  See id.  Neither the Order Revoking Suspended Sentence entered in CF-2001-811, nor the Judgments and Sentences entered in CF-2004-4929, reflect that the sentences from the two cases were to be served consecutively.  See Dkt. # 11, Exs. 3 and 4.

Petitioner filed the instant petition for writ of habeas corpus on October 17, 2007, challenging his conviction entered in Tulsa County District Court, Case No. CF-2001-811. He asserts one (1) claim: that he received ineffective assistance of both trial and appellate counsel. At the time he filed his petition, Petitioner was in custody of DOC, serving the sentences entered in CF-2004-4929. As noted above, his sentence in CF-2001-811 had been fully discharged on January 25, 2007.

## *ANALYSIS*

Respondent asserts that the Court lacks jurisdiction to consider the petition in this case because Petitioner was not "in custody" pursuant to the challenged conviction when he filed his petition. Under 28 U.S.C. § 2254, a court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). In Garlotte v. Fordice, 515 U.S. 39 (1995), the Supreme Court held that a habeas petitioner who is serving consecutive state sentences is "in custody" and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served. The Garlotte sentences were in a consecutive series, and the Supreme Court determined that they composed a "continuous stream." Id. at 41.

Unlike Garlotte, the Judgments entered in Petitioner's two cases did not reflect that the sentences were to be served consecutively to each other. DOC policy provides that when a prisoner has multiple convictions, the sentences shall be served consecutively unless the judgments specify

3

that the sentences are to be served concurrently. See OP-060211(VII)(A)(1).[1] In this case, however, the Judgments in CF-2004-4929 state specifically that they are to be served concurrently with CF-2001-811. Thus, the facts in Petitioner's case do not support application of Garlotte because Petitioner was not "in custody" in a continuous stream of consecutive sentences. Several cases, cited here for persuasive reasoning, have held that the rationale of Garlotte does not extend to cases which involve concurrent sentences. See Wright v. United States, 116 F.3d 488 (9th Cir. 1997) (unpublished); Sweet v. McNeil, 2008 WL 2313144 (N.D. Fla. June 3, 2008) (unpublished); Conley v. Quarterman, 2008 WL 1776449, *2 and n. 2 (N.D. Tex. Apr.14, 2008) (unpublished); Eller v. Brock, 2003 WL 87417, *5 (E.D. Mich. Jan.7, 2003) (unpublished). The Court concludes that it does not have jurisdiction to entertain an attack on the sentence entered in CF-2001-811 because Petitioner is no longer in custody on that sentence. The Court finds that even though Petitioner was in custody serving consecutive sentences for CF-2004-4929 when he filed the petition, his sentence for CF-2001-811 had been discharged, and nothing in the record indicates it was to be served consecutively to the CF-2004-4929 sentences. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

---

[1] The Court has reviewed the policies and procedures available at the website maintained by the DOC, www.doc.state.ok.us. The relevant policy provides as follows:

> The commitment document for sentences of incarceration will be used to determine if sentences are consecutive or concurrent. Unless the commitment document specifies that it is concurrent to another sentence, it will be served consecutively. When a single Judgment and Sentence document contains multiple counts, but only one sentence term is stated, the counts are to be served concurrently unless they are specifically ordered consecutive. If the multiple counts each state a sentence term, the counts are to be served consecutively unless ordered by the judge to be concurrent. If the counts are on separate documents and sequencing is not specified, they are to be served consecutively.

OP-060211(VII)(A)(1).

      **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 8) is **granted**.

2. The petition (Dkt. # 1) is **dismissed with prejudice**.

3. This is a final order terminating this action.

      **DATED** this 1st day of August, 2008.

                                                                                       CLAIRE V. EAGAN, CHIEF JUDGE
                                                                                       UNITED STATES DISTRICT COURT